O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUZMAN,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN MARSHALL, Warden<br><br>    Respondent. | Case No. CV 09-7173-CAS (OP)<br><br>MEMORANDUM OPINION AND ORDER |

# I.
# PROCEEDINGS

On October 1, 2009, Jose Guzman ("Petitioner"), filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner challenged the Board of Parole Hearings' ("Board") September 30, 2008, decision finding him unsuitable for release on parole.

On October 29, 2010, this Court issued a Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), recommending the granting of the Petition. (Dkt. No. 11.) The basis for the recommendation was the Court's finding that: (a) the Board's 2008 decision resulted in an arbitrary deprivation of Petitioner's liberty interest in parole and violated due process; and (b) the State courts' determination affirming the denial was based on an

unreasonable determination of the facts in light of the evidence presented and also involved an unreasonable application of the "some evidence" standard.

On December 28, 2010, over Respondent's Objections (Dkt. No. 13), the District Judge issued an Order approving and adopting the Report and Recommendation. (Dkt. No. 15.) On January 5, 2011, Judgment was entered granting the writ of habeas corpus as follows:

 (a) The Board shall hold a parole suitability hearing to be held within thirty (30) days of the District Court's entry of Judgment on this decision, in accordance with due process of law and consistent with the decision of this Court;ENDNOTE 1

  ENDNOTE 1. The California Supreme Court recently held that the proper remedy for California appellate courts granting relief is to direct the Board to "conduct a new parole-suitability hearing in accordance with due process of law and consistent with the decision of the court." In re Prather, 50 Cal. 4th 238, 244 (2010); see also Haggard v. Curry, --- F.3d ----, 2010 WL 4015006, at *5 (9th Cir. Oct. 12, 2010) (pursuant to In re Prather, the California-created, but federally enforceable, liberty interest in parole, gives the prisoner only the right to a redetermination by the Board consistent with the state's "some evidence" requirement). However, such an order "does not entitle the Board to 'disregard a judicial determination regarding the sufficiency of the evidence [of current dangerousness] and to simply repeat the same decision on the same record.'" Id. at 258 (quoting In re Masoner, 172 Cal. App. 4th 1098, 1110 (2009)).

 (b) Petitioner shall be granted parole unless new, relevant and reliable evidence subsequent to the September 30, 2008, parole consideration hearing is introduced that is sufficient (considered alone or in conjunction with other evidence in the record, and not

|   |   |
|---|---|
| | already considered and rejected by this Court) to support a finding that he currently poses an unreasonable risk of danger to society if released on parole;ENDNOTE 2 |
| | ENDNOTE 2. "[A] judicial order granting habeas corpus relief implicitly precludes the Board from again denying parole – unless some *additional* evidence (considered alone or in conjunction with other evidence in the record, and not already considered and rejected by the reviewing court) supports a determination that the prisoner remains currently dangerous." In re Prather, 50 Cal. 4th at 258. |
| (c) | In the absence of any such new, relevant and reliable evidence showing Petitioner's unsuitability for parole because of current dangerousness, the Board shall calculate at the hearing a prison term and release date for Petitioner in accordance with California law. If the calculated release date lapsed more than five years earlier, there shall be no term of parole imposed upon release unless for good cause the Board determines Petitioner should be retained on parole for a period pursuant to California Penal Code section 3000.1(b); if the release date lapsed less than five years earlier, the release terms may include only that period of the five-year parole eligibility term that remains. Petitioner shall remain subject to the discharge eligibility determination set forth in Penal Code section 3000.1(b). |

(Report and Recommendation at 21-22.)

On January 7, 2011, Respondent filed a Notice of Appeal with the Ninth Circuit Court of Appeals. On January 10, 2011, Respondent filed an Application for a Stay of the Court's Order Granting the Petition ("Application for Stay"), and requested an expedited ruling by January 20, 2011. (Dkt. No. 19.) In the alternative, Respondent requested a temporary stay to give Respondent the

opportunity to seek a stay in the Ninth Circuit before Petitioner's Court ordered parole hearing. (Id. at 2.)

For the reasons stated below, the Court denies Respondent's Motion.

## II.

## DISCUSSION

### A. Legal Standard for Stay.

Preliminarily, the Court has broad discretion in deciding whether to stay proceedings in its own court. The Court agrees with Respondent that the standard to be applied is set forth in Hilton v. Braunskill, 481 U.S. 770, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987). "A party seeking a stay of a lower court's order bears a difficult burden." United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc., 44 F.3d 1082, 1084 (2d Cir. 1995).

In Hilton, the Supreme Court held that the presumption of Rule 23(c) of the Federal Rules of Appellate Procedure in favor of the release from custody of a successful habeas petitioner pending appeal[1] may be overcome if the following traditional stay factors "tip the balance" against it: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits, (2) whether the stay applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies. Hilton, 481 U.S. at 776-77. With respect to irreparable injury, speculative injury does not constitute irreparable injury. Goldie's Bookstore v. Super. Ct., 739 F.2d 466, 472 (9th Cir. 1984). In evaluating

---

[1] Federal Rule of Appellate Procedure 23(c) provides that, during the appeal of the grant of a habeas corpus petition, "the prisoner must-unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise-be released on personal recognizance, with or without surety." The United States Supreme Court held that Rule 23(c) "undoubtedly creates a presumption of release from custody in such cases." Hilton, 481 U.S. at 776.

the harm that will occur depending upon whether the stay is granted, a court may consider: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991).

The Hilton court further observed that in determining whether to release a petitioner from custody pending appeal a court could also take into consideration "the possibility of flight," whether the State has established "there is a risk that the prisoner will pose a danger to the public if released," and the "State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal." Hilton, 481 U.S. at 777. The Hilton court also noted:

> Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release.

Id. at 778.

**B.  Analysis.**

    **1.  Respondent Fails to Establish a Strong Likelihood of Success on the Merits.**

Here, the Court finds that Respondent has failed to establish "a strong likelihood of success on appeal." In the Application for Stay, Respondent primarily reiterates contentions and other arguments that this Court already has considered and rejected, and that the Ninth Circuit has repeatedly rejected. For example, the Court has already considered and rejected Respondent's contentions that no clearly established federal law requires a parole determination to be supported by "some evidence." (See App. for Stay at 3-4.) The Ninth Circuit cases cited in the Report and Recommendation have held otherwise. Petitioner's related argument – that "some evidence" supported the Board's denial of parole

(see id. at 4-5) – also was thoroughly addressed in the Court's Report and Recommendation.

Nor, in the Court's view, has Respondent established "a strong likelihood of success on appeal" with respect to his contention that the remedy ordered by the Court is improper. Respondent first contends the Court's remedy fails to comport with the Ninth Circuit's holding in Haggard v. Curry, 623 F.3d 1035 (9th Cir. 2010), an opinion which has now been amended and superceded on denial of rehearing en banc by Haggard v. Curry, --- F.3d ----, 2010 WL 4978842 (9th Cir. Dec. 9, 2010).

Specifically, Respondent argues that this Court's remedy "improperly restricted the Board's authority and discretion upon remand by limiting its assessment of Guzman's suitability for parole to new evidence subsequent to the challenged parole hearing." (App. for Stay at 6.) This Court does not agree with Respondent's interpretation of the Court's remedy, which did not provide any greater remedy than that provided by the California Supreme Court in Prather. In fact, in order to fully comport with the Prather court's "further refinement . . . of the scope of state prisoners' liberty interest in parole," the Court's remedy quoted directly from the Prather holding. (See Discussion supra Part I); see also Haggard, 2010 WL 4978842, at *5 (Prather corrected the Ninth Circuit's "prior implicit assumption that a federal habeas court could enforce California's state-created liberty interest by ordering the release of the prisoner").

Respondent further argues that the remedy requiring the Board to consider Petitioner's discharge from his lifetime parole period before he has served five years on parole also is improper. This Court fully addressed the reasoning behind its analysis regarding Petitioner's discharge from lifetime parole in its Report and Recommendation (see Report and Recommendation at 23 n.3), and will not repeat its analysis. Respondent's arguments on this issue, previously raised by Respondent in his Objections (see Objections at 10-11), were considered by this

Court at that time and do not persuade the Court otherwise.

While the Court finds that Respondent has failed to make a strong showing that he is likely to succeed on the merits, the Court nevertheless finds that even if Respondent has demonstrated a substantial case on the merits, a stay of the Court's Order and Judgment pending appeal still is not warranted under <u>Hilton</u> because Respondent has not convinced the Court (a) that Respondent will be irreparably injured if a stay is not granted (i.e., the second <u>Hilton</u> factor), and (b) that a stay of the Court's Order and Judgment pending appeal is in the public interest (i.e., the fourth <u>Hilton</u> factor).

## 2. **Enforcement of the Judgment Will Not Result in Irreparable Injury to Respondent and May Result in Injury to Petitioner.**

Respondent does not present any significant argument that he or the State will be irreparably injured absent a stay. In fact, Respondent merely reiterates his argument, rejected above, that the Court's remedy "directing the Board to set a release date unless new evidence since Guzman's 2008 parole hearing is introduced improperly usurps the Board's legislatively mandated functions." (App. for Stay at 8.) The Court has rejected this argument.

Nor is the Court persuaded by Respondent's argument that the State's interest in public safety "will be irreparably injured" absent a stay because "the Board is required to determine whether a prisoner's release on parole would pose an unreasonable risk to public safety" and the Board "should be given the opportunity to consider Guzman's suitability for parole in accordance with state law." (<u>Id.</u> at 8.) This is exactly what the Court's remedy orders the Board to do. Respondent's speculative claims of irreparable injury absent a stay are insufficient to justify a stay.

Nor has Respondent sufficiently shown that Petitioner will not be harmed. Respondent argues that a stay does not preclude the Board from holding regularly scheduled parole consideration hearings, and that the appeal "can be resolved

1 expeditiously." (Id. at 8-9.) While these statements may be true in whole or in
2 part, delaying vindication of Petitioner's constitutional rights after a successful
3 habeas petition would not only constitute a substantial injury to Petitioner, but also
4 would extend the constitutional violation Petitioner has suffered. See, e.g.,
5 Mezhbein v. Salazar, 2008 WL 1908533, at *3 (C.D. Cal. Apr. 27, 2008) (stating,
6 "[a] stay pending appeal will substantially harm Petitioner . . . if the stay is granted
7 Petitioner will face a prolonged period of continued incarceration when the Court
8 has already determined that the denial of parole was not supported by the evidence.
9 There can be no doubt that a stay will substantially injure Petitioner").

10       Based on the foregoing, the Court finds no evidence of potential irreparable
11 injury to Respondent, and affirmatively finds a risk of harm to Petitioner.

12       **3.**    **A Stay Is Not in the Public Interest.**

13       The Court also finds unpersuasive Respondent's contention that a stay is
14 necessary because "the public has an interest in the Board's decision and the state
15 court decisions remaining undisturbed until Respondent has had an opportunity to
16 pursue a meaningful appeal of the Court's decision." (App. for Stay at 9.)

17       Preliminarily, the Court notes that its rationale for finding that Petitioner's
18 constitutional rights were violated was that there was no reliable evidence before
19 the Board to support its conclusion that Petitioner's release posed an unreasonable
20 risk of danger to society or a threat to public safety. In fact, the evidence before
21 the Board was all to the contrary. Moreover, as the Ninth Circuit noted in Biggs v.
22 Terhune, 334 F.3d 910, 916-17 (9th Cir. 2003), "the public has an interest in
23 rewarding an inmate's rehabilitation and positive conduct." As evidenced by this
24 Court's finding that Petitioner does not presently constitute a danger to society, it
25 appears that the Department of Corrections and Rehabilitation has done its job well
26 and successfully rehabilitated Petitioner. Thus, the Court finds that Respondent
27 has not sufficiently shown that the public interest clearly lies in favor of a stay.

28       **III.**

## CONCLUSION

Based on the foregoing, the Court denies Respondent's Application for a Stay of the Court's December 28, 2010, Order.

**IT IS SO ORDERED.**

DATED: January 20, 2011

_____
HONORABLE CHRISTINA A. SNYDER
United States District Judge

Presented by:

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge