O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUZMAN, | ) Case No. CV 09-7173-CAS (OP) |
| Petitioner, | ) |
| | ) MEMORANDUM OPINION AND |
| v. | ) ORDER |
| | ) |
| JOHN MARSHALL, Warden | ) |
| Respondent. | ) |
| | ) |

## I.
## **PROCEEDINGS**

On October 1, 2009, Jose Guzman ("Petitioner"), filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner challenged the Board of Parole Hearings' ("Board") September 30, 2008, decision finding him unsuitable for release on parole.

On October 29, 2010, this Court issued a Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), recommending the granting of the Petition. (Dkt. No. 11.) The basis for the recommendation was the Court's finding that: (a) the Board's 2008 decision resulted in an arbitrary deprivation of Petitioner's liberty interest in parole and violated due process; and (b) the State courts' determination affirming the denial was based on an

unreasonable determination of the facts in light of the evidence presented and also involved an unreasonable application of the "some evidence" standard.

On December 28, 2010, over Respondent's Objections (Dkt. No. 13), the District Judge issued an Order approving and adopting the Report and Recommendation. (Dkt. No. 15.) On January 5, 2011, Judgment was entered granting the writ of habeas corpus as follows:

(a)  The Board shall hold a parole suitability hearing to be held within thirty (30) days of the District Court's entry of Judgment on this decision, in accordance with due process of law and consistent with the decision of this Court;ENDNOTE 1

ENDNOTE 1. The California Supreme Court recently held that the proper remedy for California appellate courts granting relief is to direct the Board to "conduct a new parole-suitability hearing in accordance with due process of law and consistent with the decision of the court." In re Prather, 50 Cal. 4th 238, 244 (2010); see also Haggard v. Curry, --- F.3d ---- , 2010 WL 4015006, at *5 (9th Cir. Oct. 12, 2010) (pursuant to In re Prather, the California-created, but federally enforceable, liberty interest in parole, gives the prisoner only the right to a redetermination by the Board consistent with the state's "some evidence" requirement). However, such an order "does not entitle the Board to 'disregard a judicial determination regarding the sufficiency of the evidence [of current dangerousness] and to simply repeat the same decision on the same record.'" Id. at 258 (quoting In re Masoner, 172 Cal. App. 4th 1098, 1110 (2009)).

(b)  Petitioner shall be granted parole unless new, relevant and reliable evidence subsequent to the September 30, 2008, parole consideration hearing is introduced that is sufficient (considered alone or in conjunction with other evidence in the record, and not

|   |   |
|---|---|
| 1 | already considered and rejected by this Court) to support a finding |
| 2 | that he currently poses an unreasonable risk of danger to society |
| 3 | if released on parole;ENDNOTE 2 |
| 4 | ENDNOTE 2. "[A] judicial order granting habeas corpus relief |
| 5 | implicitly precludes the Board from again denying parole – unless some |
| 6 | *additional* evidence (considered alone or in conjunction with other |
| 7 | evidence in the record, and not already considered and rejected by the |
| 8 | reviewing court) supports a determination that the prisoner remains |
| 9 | currently dangerous." In re Prather, 50 Cal. 4th at 258. |

(c) In the absence of any such new, relevant and reliable evidence showing Petitioner's unsuitability for parole because of current dangerousness, the Board shall calculate at the hearing a prison term and release date for Petitioner in accordance with California law. If the calculated release date lapsed more than five years earlier, there shall be no term of parole imposed upon release unless for good cause the Board determines Petitioner should be retained on parole for a period pursuant to California Penal Code section 3000.1(b); if the release date lapsed less than five years earlier, the release terms may include only that period of the five-year parole eligibility term that remains. Petitioner shall remain subject to the discharge eligibility determination set forth in Penal Code section 3000.1(b).

(Report and Recommendation at 21-22.)

On January 7, 2011, Respondent filed a Notice of Appeal with the Ninth Circuit Court of Appeals. On January 10, 2011, Respondent filed an Application for a Stay of the Court's Order Granting the Petition ("Application for Stay"), and requested an expedited ruling by January 20, 2011. (Dkt. No. 19.) In the alternative, Respondent requested a temporary stay to give Respondent the

opportunity to seek a stay in the Ninth Circuit before Petitioner's Court ordered parole hearing. (Id. at 2.) On January 20, 2011, the Court denied Respondent's Application for Stay. (Dkt. No. 20.)

On January 24, 2011, the United States Supreme Court issued its decision in Swarthout v. Cooke, --- S. Ct. ---, 2011 WL 197627 (U.S. Jan. 24, 2011), changing the landscape of this Court's consideration of California parole hearing denials. On January 24, 2011, Respondent renewed its Application for Stay in light of Cooke. (Dkt. No. 22.)

For the reasons stated below, the Court grants Respondent's Application for Stay.

## II.
## DISCUSSION

**A.   Legal Standard for Stay.**

Preliminarily, the Court has broad discretion in deciding whether to stay proceedings in its own court. The Court agrees with Respondent that the standard to be applied is set forth in Hilton v. Braunskill, 481 U.S. 770, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987). "A party seeking a stay of a lower court's order bears a difficult burden." United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc., 44 F.3d 1082, 1084 (2d Cir. 1995).

In Hilton, the Supreme Court held that the presumption of Rule 23(c) of the Federal Rules of Appellate Procedure in favor of the release from custody of a successful habeas petitioner pending appeal[1] may be overcome if the following

---

[1] Federal Rule of Appellate Procedure 23(c) provides that, during the appeal of the grant of a habeas corpus petition, "the prisoner must-unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise-be released on personal recognizance, with or without surety." The United States Supreme Court held that
(continued...)

traditional stay factors "tip the balance" against it: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits, (2) whether the stay applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies. Hilton, 481 U.S. at 776-77. With respect to irreparable injury, speculative injury does not constitute irreparable injury. Goldie's Bookstore v. Super. Ct., 739 F.2d 466, 472 (9th Cir. 1984). In evaluating the harm that will occur depending upon whether the stay is granted, a court may consider: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991).

The Hilton court further observed that in determining whether to release a petitioner from custody pending appeal a court could also take into consideration "the possibility of flight," whether the State has established "there is a risk that the prisoner will pose a danger to the public if released," and the "State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal." Hilton, 481 U.S. at 777. The Hilton court also noted:

> Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release.

Id. at 778.

**B.   Analysis.**

---

[1](...continued)
Rule 23(c) "undoubtedly creates a presumption of release from custody in such cases." Hilton, 481 U.S. at 776.

On January 24, 2011, reiterating its oft-held standard that "federal habeas corpus relief does not lie for errors of state law," the United States Supreme Court agreed that the Ninth Circuit's holding that California law creates a liberty interest in parole was a "reasonable application" of Supreme Court case law. Cooke, 2011 WL 197627, at *3. The Supreme Court went on to hold that:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. . . . "The Constitution . . . does not require more." . . .
>
> . . . .
>
> . . . No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement. The liberty interest at issue here is the interest in receiving parole when the California standards for parole have been met, and the minimum procedures adequate for due-process protection of that interest are those set forth in Greenholtz [v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979)].[2] See Hayward v. Marshall, 603 F.3d 546, 549 (9th Cir. 2010) (en banc). Greenholtz did not inquire into whether the constitutionally requisite procedures

---

[2] In Greenholtz, the Supreme Court found that a prisoner subject to a parole statute similar to California's received adequate process "when he was allowed an opportunity to be heard and was provided a statement of reasons why parole was denied." Greenholtz, 442 U.S. at 16. The petitioners in Cooke were allowed to speak at their parole hearings, contest the evidence against themselves, and access their records in advance; they also were notified as to the reasons why parole was denied. Cooke, 2011 WL 197627, at * 2. "That should have been the beginning and the end of the federal habeas courts' inquiry into whether [petitioners] received due process." Id. at *3.

6

      provided by Nebraska produced the result that the evidence required; *a fortiori* it is no federal concern here whether California's "some evidence" rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied.

Cooke, 2011 WL 197627, at *3 (footnote omitted).  The Supreme Court also found that California's "some evidence" rule of judicial review is not a component of the liberty interest provided, and, therefore, this Court may not consider whether the state courts' "some evidence" decisions are unreasonably determined in light of the record evidence.  Id. (citation omitted).  Finding that "the only federal right at issue is procedural," the Court held that the relevant inquiry is "not whether the state court decided the case correctly" but only whether the minimal procedures required have been provided.  Id.

      Here, Petitioner's first claim is of the substantive due process type that the Supreme Court has determined that this Court may not consider, i.e., whether Petitioner's liberty interest in parole was violated by the Board's denial, and whether "some evidence" supported the Board's decision.[3]

      Nor does a review of the record show that Petitioner's procedural due process rights were denied in connection with the September 30, 2008, hearing.  In fact, the record shows that he received a hearing during which he was represented

---

[3] Petitioner also claims a violation of the Establishment Clause by requiring him to participate in religion through his participation in religious based Alcoholics Anonymous classes.  The Court notes that the Board merely suggested that Petitioner "continue to participate in AA and seek out other self-help" to prepare for the future and to remain discipline free. (Pet. Ex. A at 38.)  Nonetheless, this aspect of the claim is substantive in nature, not procedural.  Thus, this Court is prohibited from considering such a claim.  See Cooke, 2011 WL 197627, at * 3 ("Because the only federal right at issue is procedural, the relevant inquiry is what process Cooke and Clay received, not whether the state court decided the case correctly.")

1   by counsel and provided with a certified Spanish interpreter. (Pet. Ex. A. at 2-7.)
2   He was given an opportunity to be heard, including the opportunity to make a
3   statement to the Board individually and through counsel (id. at 28-31), had access
4   to his records in advance of the hearing (id. at 3-5), and was provided a statement
5   of reasons why parole was denied (id. at 32-39), thereby meeting the minimal
6   procedural due process standards under Greenholtz.
7       In light of the Supreme Court's decision in Cooke, that Court finds that
8   Petitioner is not entitled to habeas relief based on the Board's September 30, 2008,
9   decision finding him unsuitable for release on parole. Thus, the relief requested by
10   Respondent is warranted.

## III.
## CONCLUSION

13       Based on the foregoing, the Court grants Respondent's Renewed
14   Application for a Stay of the Court's December 28, 2010, Order.

16   **IT IS SO ORDERED.**

18   DATED: January 31, 2011

                       HONORABLE CHRISTINA A. SNYDER
19                        United States District Judge

20   Presented by:

      HONORABLE OSWALD PARADA
23   United States Magistrate Judge